**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

| | |
|---|---|
| RUSSELL DEAN LONG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 2:17-CV-63-PLR-MCLC |
| | ) |
| TONY MAYS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Russell Dean Long, a Tennessee inmate proceeding *pro se*, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging the legality of his confinement under State-court judgments of conviction for two counts of first-degree felony murder, for which he received an effective lifetime sentence. Having considered the submissions of the parties, the State-court record, and the law applicable to Long's claims, the Court finds that the petition should be denied.

**I.  BACKGROUND & PROCEDURAL HISTORY**

On March 6, 2009, Long's two-month-old daughter died from blunt force trauma [*See, e.g.*, Doc. 13-1 p. 5]. On May 5, 2009, Long was indicted by the Washington County Grand Jury with two counts of first-degree felony murder, with the underlying felonies being aggravated child abuse and aggravated child neglect [*Id*. at 13].[1] Following a jury trial, Long was convicted as charged and was sentenced to serve a life term for each count in the Tennessee Department of Corrections [Doc. 13-1 p. 148, 151, 154-55]. Subsequently, the trial court merged Long's

---

[1] The victim's mother was also charged with one count of first-degree felony murder as a co-defendant [Doc. 13-1 p. 13].

convictions and denied his motion for a new trial [Doc. 13-1 p. 155, 162]. On direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the trial court's judgments. *State v. Long*, No. E2012-01166-CCA-R3-CD, 2013 WL 5436529, at *1 (Tenn. Crim. App. Sept. 27, 2013), *perm. app. denied* (Tenn. March 5, 2014). On March 5, 2014, the Tennessee Supreme Court denied Long's application for permission to appeal [Doc. 13-17].

On June 18, 2014, Long filed a pro se petition for post-conviction relief, raising six claims of ineffective assistance of counsel [Doc. 13-18 p. 9]. On June 23, 2014, Long filed an amended petition for post-conviction relief with the assistance of appointed counsel, alleging one additional ground for relief and incorporating the claims raised in the original petition [Doc. 13-18 p. 29-31]. At the evidentiary hearing held on the petition, post-conviction counsel announced that Long was withdrawing all six of the claims raised in his original pro se petition and proceeding instead with the sole claim raised in the amended petition, which alleged that trial counsel erred in not playing the 911 tape for the jury [Doc. 13-19 p. 7-20]. Accordingly, the post-conviction court considered the original six claims abandoned and denied relief on the remaining claim through a written order [*See id.*; *see also* Doc. 13-18 p. 50]. The TCCA affirmed the decision of the post-conviction court. *Long v. State*, No. E2015-01903-CCA-R3-PC, 2016 WL 3130952 (Tenn. Crim. App. May 26, 2016), *perm. app. denied* (Tenn. Aug. 18, 2016). On August 18, 2016, the Tennessee Supreme Court denied the petitioner's application for permission to appeal [Doc. 13-27].

On or about March 27, 2017, Long filed the instant federal habeas petition[2] raising the following claims, as paraphrased by the Court:

---

[2] The Court notes that Long's petition is unsigned, in violation of Rule 11 of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court. *See* Fed. R. Civ. P. 11(a). The Court declines to dismiss the petition on this basis, however, and will consider the claims alleged. *See Miller v. Ludwick*, No. 10-cv-10237, 2015 WL 5697592, at *2 n.3 (E.D. Mich. Sept. 29, 2015)

> Claim 1: Counsel rendered ineffective assistance in failing to challenge Long's exposure to double jeopardy, as he was convicted on two counts of felony murder for a crime that occurred against a single victim [Doc. 1 p. 5].
>
> Claim 2: Counsel rendered ineffective assistance in misleading Long into believing he should not testify in his own defense, in violation of *Momon v. State of Tennessee*, 18 S.W. 3d 152 (Tenn. 2000) [Doc. 1 p. 7].
>
> Claim 3: Counsel rendered ineffective assistance in failing to move for a change of venue due to pre-trial publicity in the case [Doc. 1 p.8].
>
> Claim 4: Counsel rendered ineffective assistance in failing to object to gender imbalance in the jury panel, as the presence of nine females and only three males virtually ensured he would be convicted of the charges against him [Doc. 1 p. 9].
>
> Claim 5: Counsel rendered ineffective assistance in failing to offer any lesser-included offenses even though there were grounds for them [Doc. 1 p. 10].
>
> Claim 6: Counsel rendered ineffective assistance in failing to object to Long's illegal and excessive sentence, as a lesser sentence would have been sufficient [Doc. 1 p. 12].

The Court ordered Respondent to respond to the petition, and Respondent complied by filing an answer on June 13, 2017 [Doc. 15]. Long did not file a reply to the answer, and the deadline to do so has passed. *See* E.D. Tenn. LR7.1(a).

## II. LEGAL STANDARD

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in a State court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States

---

("Although a district court may refuse to file, or may even dismiss, an unsigned and unverified petition for writ of habeas corpus, the defect is one that district court may, if it sees fit, disregard.") (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause where the State court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal court may grant relief where the State court applies the correct legal principle to the facts in an unreasonable manner. *See id*. at 407-08; *Brown v. Payton*, 544 U.S. 133, 141 (2005). Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect. *See Schriro*, 550 U.S. at 473 ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable − a substantially higher threshold."); *Williams*, 529 U.S. at 410-11. This standard will allow relief on a federal claim decided on its merits in State court only where the petitioner demonstrates that the State ruling "was so lacking in justification that there was an error understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). When evaluating the evidence presented in State court, a federal habeas court presumes the correctness of the State court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The doctrine of procedural default also limits federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding prisoner's procedural default forfeits his federal habeas claim). A procedural default exists in two circumstances: (1) where the petitioner fails to exhaust all of his available State remedies, and the State court to which he would be required to

4

litigate the matter would now find the claims procedurally barred, and (2) where a State court clearly and expressly bases its dismissal of a claim on a State procedural rule, and that rule provides an independent and adequate basis for the dismissal. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731-32, 735 n.1 (1991). A procedural default may be circumvented, allowing federal habeas review of the claim, only where the prisoner can show cause and actual prejudice for the default, or that a failure to address the merits of the claim would result in a fundamental miscarriage of justice. *Id.* at 750; *see also Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977).

"Cause" is established where a petitioner can show some objective external factor impeded defense counsel's ability to comply with the State's procedural rules, or that his trial counsel rendered ineffective assistance. *See id*. at 753. Additionally, the prejudice demonstrated to overcome the default must be actual, not merely a possibility of prejudice. *See Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (holding prejudice showing requires petitioner to bear "the burden of showing, not merely that errors [in the proceeding] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimension") (emphasis in original). A fundamental miscarriage of justice of occurs "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to satisfy a two-prong test to warrant federal habeas corpus relief: (1) he must demonstrate constitutionally deficient performance, and (2) he must demonstrate actual prejudice as a result of such ineffective assistance. *Strickland*, 466 U.S. 668 (1984). Deficiency is established when a petitioner can demonstrate that counsel's performance falls below an objective standard of reasonableness as

measured by professional norms, such that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. at 687-88. A reviewing court's scrutiny is to be highly deferential of counsel's performance, with an effort to "eliminate the distorting effects of hindsight." *Id*. at 689. In fact, counsel is to be afforded a presumption that his actions were the product of "sound trial strategy" and undertaken with the exercise of reasonable professional judgment. *Id*.

Prejudice is established when the petitioner can demonstrate to a reasonable probability that the result of the proceedings would have been different but for the challenged conduct, thereby undermining confidence in the reliability of the outcome. *Id.* at 694. However, an error, even if professionally unreasonable, does not warrant setting aside the judgment if it had no effect on the judgment. *Id.* at 691.

## III. DISCUSSION

As noted above, all six of Long's federal habeas claims were raised in his petition for post-conviction relief and incorporated into his amended petition [Doc. 13-18 p. 29-30, 37]. However, at the post-conviction evidentiary hearing, post-conviction counsel expressly withdrew each claim [Doc. 13-19 p. 9-19]. Because these claims were withdrawn at the post-conviction hearing, they were not presented to the TCCA as is required in order to meet the AEDPA's exhaustion requirement. *See* 28 U.S.C. § 2254(b) (prohibiting grant of habeas relief to prisoner in custody pursuant to State-court judgment unless available State-court remedies have been exhausted); *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003); Tenn. S. Ct. R. 39 (establishing presentation of claim to TCCA is sufficient to exhaust state remedies); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that proper exhaustion requires petitioner to pursue claim through "one complete round of the State's established appellate review process").

Because Long failed to present these claims in State court and would now be prohibited from doing so due to applicable time and successive petition bars, these claims are technically exhausted but procedurally defaulted. *See Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted."); *see also* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period) and § 40-30-102(c) ("one petition" rule). Long has failed to argue that cause and prejudice exist to excuse the defaulted claims.

The Court notes that, in some circumstances, the ineffective assistance of post-conviction counsel may provide cause to excuse the default of an ineffective-assistance of trial counsel claim. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012). However, a petitioner seeking to use this exception to overcome a default "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 14 (citation omitted).

At Long's post-conviction hearing, counsel stated that Long's claim alleging trial counsel rendered ineffective assistance in failing to challenge his convictions on the ground of double jeopardy was not supported by the law [Doc. 13-19 p. 10]. Specifically, he noted that Long had been convicted of one count of first-degree murder through aggravated child neglect and one count of first-degree murder through aggravated child abuse, and that the trial judge had merged the convictions, which was the appropriate remedy [*Id*.].

Post-conviction counsel also conceded that Logan's second claim against counsel – that he committed a *Momon*[3] violation – was unsupported by the record, as the trial record demonstrated

---

[3] In *Momon v. State of Tennessee*, 18 S.W. 3d 152 (Tenn. 2000), the Tennessee Supreme Court recognized that because the right of a criminal defendant to testify on their own behalf is both fundamental and personal, it "may only be waived if there is evidence in the record

7

that a lengthy colloquy occurred between the trial judge and Long regarding whether Long would like to testify [*Id*. at 11].

Post-conviction counsel determined that there was no basis for Logan's allegation that trial counsel rendered ineffective assistance in failing to request a change of venue [*Id*. at 12-13]. Specifically, post-conviction counsel stated that he believed Washington County was the best district to get a jury, and that there was no basis to request the case be moved outside of the district [*Id*. at 13].

Long's fourth allegation of ineffective assistance alleged that the presence of nine females and only three males on his jury rendered the panel biased [*Id*. at 15]. Post-conviction counsel found no basis to pursue this claim, as given the requirement of unanimity, the presence of one male "if gender made a difference, would be enough [for a not guilty]" [*Id*.].

Post-conviction counsel found no basis to pursue Long's claim that counsel rendered ineffective assistance in failing to argue for lesser-included offenses, as Long's argument was based on his erroneous belief that aggravated child abuse and aggravated child neglect each involved lesser-included offenses of the other [*Id*. at 17]. Post-counsel counsel noted that the charges have different elements but stated that the issue was nonetheless moot, as the trial judge had merged the counts, which cured any possible error [*Id.*].

Finally, post-conviction counsel stated that there was no basis to pursue an ineffective assistance of counsel claim regarding Long's claim of an illegal and excessive sentence, as a sentence of life was legislatively mandated by a conviction of first-degree murder [*Id*. at 18].

In its order denying post-conviction relief, the post-conviction court found:

---

demonstrating 'an intentional relinquishment or abandonment of a known right or privilege.'" *Id*. at 162 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

> There are other allegations in the original Petition which were addressed at the beginning of the Post Conviction hearing. It is stipulated that these issues should have been properly raised in the original appeal of the conviction and addressed by the Court of Criminal Appeals. Petitioner alleges that he should have relief from the sentence imposed due to trial counsel failing to challenge the verdict of two First Degree Murder convictions by the jury. It is asserted that the prohibition against double jeopardy was violated due to the convictions. Counsel for Petitioner asserted that the trial court was correct in it[]s action to merge the convictions and withdrew this portion of the Petition. Counsel for Petitioner further withdrew the assertion by Petitioner that the *Momon* warnings were not properly given by the trial court and that trial counsel was ineffective in not asserting his right to testify. Counsel for Petitioner represents that he has listened to and read the transcript of the trial where the trial court questioned Petitioner concerning his right to testify. It is agreed by counsel for the State and counsel for Petitioner that the trial court was extensive and thorough in it[]s questioning of and explanation to Petitioner concerning his right to testify. Counsel for Petitioner further withdrew the challenge asserted in the original Petition for Post Conviction Relief that venue should have been moved for the trial. Counsel for the State and Counsel for Petitioner agree that during the jury selection process there were no assertions of bias or pre-formed opinions by any jurors over seven (7) rounds of challenges. Counsel for Petitioner asserted that there is no basis for the allegation in the original petition that trial counsel failed to properly challenge the "unfair" jury panel and withdrew that portion of petition as a basis for post conviction relief. Counsel for Petitioner also withdrew the allegations made in the original petition concerning the failure by trial counsel to request lesser included offenses be instructed by the court to the jury and that the sentence was illegal and excessive. Neither of these issues were presented for appeal. It is further agreed by both counsel in this hearing that neither ground has a basis in fact after a review of the trial transcript in this case. Therefore, the only allegation remaining for the Court's consideration is the Amended Post Conviction Petition asserting that failure to play the aforementioned 911 recording constituted ineffective assistance of counsel during the trial. Proof presented during the post conviction hearing addressed only this issue.

[Doc. 13-18 p. 60-61].

The Court finds that the record in this case clearly establishes that post-conviction counsel investigated and researched each of the issues raised by Long and found them unsupported by the law and/or the record. Specifically, as to the petitioner's first claim, post-conviction counsel researched the double jeopardy issue and found it was not supported by the law [Doc. 13-19 p. 10]. As to the second claim, post-conviction counsel determined that the record clearly belied Long's claim that he was not adequately advised of his right to testify [*Id*. at 11]. For Long's third

9

claim, post-conviction counsel concluded that trial counsel made a strategic decision not to seek a change of venue because Long was already in the most favorable county within the judicial district, and the facts of the case would not have warranted a transfer out of that district [*Id*. 12-13]. As to the fourth claim, post-conviction counsel reviewed the record and determined that there was no factual basis to support a claim that trial counsel should have challenged the jury's composition [*Id*. at 15]. Post-conviction counsel determined that Long's fifth claim was based on a misunderstanding of lesser-included offenses and alternative charges, and that there was no legal basis for the claim [*Id*. at 17]. Finally, post-conviction counsel found there was no basis to challenge Long's sentence as excessive, because Long had received the sentence prescribed upon conviction for first-degree murder [*Id*. at 18].

Post-conviction's counsel investigation into and subsequent rejection of the above-cited claims in order to focus on one colorable claim that appeared most likely to succeed is a decision entitled to deference. *See Strickland*, 466 U.S. at 690. As post-conviction counsel did not render ineffective assistance by withdrawing Long's meritless claims at the post-conviction hearing, Long's procedural default is not excused by the exception established in *Martinez*. *See Martinez*, 566 U.S. at 14 (holding petition must show claim is substantial and post-conviction counsel was ineffective in failing to raise the ineffective assistance of trial counsel claim in order to excuse procedural default). Accordingly, Long's federal habeas claims are procedurally defaulted and barred from review.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## V. CONCLUSION

Russell Dean Long has failed to demonstrate an entitlement to federal habeas relief. Therefore, his petition for a writ of habeas corpus will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**